# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH W. SIMELTON,

       Plaintiff,

vs.                                 No.  13-0265-DRH

CITY OF CAIRO and
SHAWNEE DEVELOPMENT
COUNCIL,

       Defendants.

## ORDER

**HERNDON, Chief Judge:**

       On March 19, 2013, Kenneth W. Simelton filed a civil rights suit against the City of Cairo and Shawnee Development Council (Doc. 1).  Now before the Court are his motions for recruitment of counsel (Doc. 3) and to proceed without prepaying fees and costs (Doc. 4).  Based on the following, the Court denies without prejudice these motions.

       By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees.  Under 28

U.S.C. § 1915(e)(2), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

After reading Simelton's pleadings, the Court finds that he is indigent. He signed a declaration contained in his motion documenting his poverty. However, his motion does not survive § 1915(e)(2) review. At this point the Court cannot determine what Simelton's claims are against defendants. His complaint checks off discrimination on the basis of religion and retaliation, yet makes absolutely no allegations that the Court can discern alleging either. Thus, the Court denies Simelton's motion to proceed without prepaying fees or costs at this time. Thus, the Court **ALLOWS** Simelton up to and including April 22, 2013 to file an amended complaint detailing facts as to his claims based on religious discrimination and retaliation.

As to Simelton's motion for recruitment of counsel, the Court finds that he has not demonstrated under Seventh Circuit standards that he is entitled to appointed counsel at this time. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001);

*Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lieswithin the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321- 22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Based on the pleadings, the Court is unable to determine whether Simelton made a reasonable attempt to obtain counsel. Simelton does not state any lawyers that he has contacted. He merely states "I do not have the money to hire an attorney." The Court notes that there is not a bright line test for compliance with this requirement. For example, calling a law office without having a meaningful discussion about the case does not qualify as an attempt to hire counsel on one's own in this Court's interpretation of the requirement.

Accordingly, the Court **DENIES without prejudice** Simelton's motions (Docs. 3 & 4). He may re-file these motions at a later date, if necessary. The Court **ALLOWS** Simelton up to and including April 22, 2013 to file an amended

complaint detailing the facts of his claims. Failure to comply with this Order shall result in the Court dismissing his case for failure to prosecute.

**IT IS SO ORDERED.**

Signed this 21st day of March, 2013.

Digitally signed by
David R. Herndon
Date: 2013.03.21
16:06:48 -05'00'

**Chief Judge
United States District Court**