IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNETH W. SIMELTON,**

        **Plaintiff,**

**vs.**

                **No.  13-0265-DRH**

**CITY OF CAIRO and
SHAWNEE DEVELOPMENT
COUNCIL,**

        **Defendants.**

## ORDER

**HERNDON, Chief Judge:**

On March 19, 2013, Kenneth W. Simelton filed a civil rights suit against the City of Cairo and Shawnee Development Council (Doc. 1).  On March 21, 2013, the Court denied at this time plaintiff's motions to proceed without prepaying fees and costs and recruitment of counsel and directed him to file an amended complaint detailing facts as to his claims based on religious discrimination and retaliation.  On April 18, 2013, plaintiff filed an amended complaint (Doc. 6).  The Court notes that plaintiff did not renew his motions to proceed without prepaying fees and costs and recruitment of counsel.  Thus, the Court construes the amended complaint as containing renewed motions to proceed without prepaying fees and costs and for recruitment of counsel as the amended complaint contains allegations of his efforts to find a lawyer.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees.  Under 28 U.S.C. § 1915(e)(2), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

After reading Simelton's pleadings, the Court finds that he is indigent. He signed a declaration contained in his motion documenting his poverty.  His motion does survive § 1915(e)(2) review. A review of the amended complaint contains a religious discrimination claim regarding his wife's grandmother's funeral and a retaliation claim against the City of Cairo and the Shawnee Development Council.  It does not appear that the named defendants are immune from relief at this point.  And at this point, the Court cannot conclude that this action fails to state any claim upon which relief could be granted.  This does not mean that the Court finds plaintiff's claims have merit or should prevail.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall prepare for defendants City of Cairo, Illinois and Shawnee Development Council: Form 5 (Notice of Lawsuit and Request to Waive Service of a Summons) and Form 6 (Waiver of Service of Summons).  If a defendant fails to sign and return the Waiver

of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHERED ORDERD** that, plaintiff shall serve upon defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

**IT IS FURTHER ORDERED** that if judgment is rendered against plaintiff and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his

application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is advised that at the time the application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of the Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed.R.Civ.P. 41(b).

**IT IS SO ORDERED.**

Signed this 20th day of June, 2013.

David R. Herndon
2013.06.20
11:52:36 -05'00'

**Chief Judge**
**United States District Court**