IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH W. SIMELTON,

        Plaintiff,

vs.                          No. 13-0265-DRH

CITY OF CAIRO and
SHAWNEE DEVELOPMENT
COUNCIL,

        Defendants.

## ORDER

**HERNDON, Chief Judge:**

      On March 19, 2013, Kenneth W. Simelton filed a civil rights suit against the City of Cairo and Shawnee Development Council (Doc. 1). On March 21, 2013, the Court denied plaintiff's motions to proceed without prepaying fees and costs and recruitment of counsel and directed him to file an amended complaint detailing facts as to his claims based on religious discrimination and retaliation. On April 18, 2013, plaintiff filed an amended complaint (Doc. 6). The Court notes that plaintiff did not separately renew his motions to proceed without prepaying fees and costs and recruitment of counsel. However, the Court construes the amended complaint as containing renewed motions to proceed

without prepaying fees and costs and for recruitment of counsel as the amended complaint contains allegations of his efforts to find a lawyer.[1]

Based on the following, the Court finds that plaintiff has demonstrated under Seventh Circuit standards that he is entitled to have the Court attempt to recruit counsel at this time. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel (following recruitment) lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321- 22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Based on the pleadings contained in the amended complaint, the Court finds that plaintiff made a reasonable attempt to obtain counsel.  He submitted

---

[1] On June 20, 2013, the Court granted plaintiff's motion to proceed without prepaying fees and costs (Doc. 7).

various names of attorneys he contacted. He further states that "no one could take the case because I could not afford to pay, or conflict of interest, or they did not have the time. I have invested uncountable number of hours trying to get an attorney." (Doc. 6, p. 9). While it is uncertain regarding the potential success on the merits of plaintiff's claims, it is a potentially complex case and clearly too complex for plaintiff given the two complaints that he has filed. *See* Docs. 1 and 6. A review of both complaints indicates that they are disorganized and in some respects nonsensical. The Court finds that counsel would be beneficial to plaintiff based on the allegations contained in the complaint.

Accordingly, the Court **GRANTS** plaintiff's motion. In this judicial district, the Court has available to it a 200 attorney random pick system to recruit counsel for pro bono cases. Specifically, the cm/ecf system randomly generates a list of 200 attorneys from the system and the Court sends an email to the attorneys explaining the case. (The undersigned does not see those names.) Thus, in an attempt to recruit counsel for plaintiff in this case, the Court will follow this process and email the 200 random attorneys a copy of this Order and the amended complaint. The Court requests that the 200 counsel randomly selected examine the amended the complaint and advise the Court if he or she is willing to represent the plaintiff pro bono. If so, counsel shall contact the Court on or before July 15, 2013.

The following guidance is offered for plaintiff and counsel in anticipation of counsel accepting the Court's encouragement to volunteer to represent the plaintiff.

Plaintiff is cautioned to consult with his counsel in this matter to understand that it is the attorney who is the legal professional in this relationship. Without commenting on the validity of the litigation, counsel is reminded and plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise plaintiff against taking a certain course of action. While plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law. Also, counsel may advise plaintiff to pursue additional claims or to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel. **The Court will not accept any filings from plaintiff individually while he is represented by counsel**, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary

recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. **Counsel is encouraged to enter into a contingent fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail**.

The Clerk is directed to send an email to the randomly selected 200 attorneys accompanied by this order and the complaint. The email shall contain a brief description of why the email is being sent.

**IT IS SO ORDERED.**

Signed this 27th day of June, 2013.

David R. Herndon
2013.06.27
12:35:15 -05'00'

**Chief Judge
United States District Court**